**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| Goldmine Investments LLC, | ) | Case No. 25-15346 |
| | ) | |
| Debtor. | ) | Honorable Michael B. Slade |
| | ) | |

# ORDER HOLDING KEITH MOLL IN CIVIL CONTEMPT OF COURT AND ORDER OF BODY ATTACHMENT

In two prior orders, Keith Moll, the Debtor's manager and registered agent, was directed to show cause as to why he should not be sanctioned for contempt of Court. (Dkt. Nos. 31, 35) But Mr. Moll has failed to respond to the show cause orders and failed to provide the information required for the Chapter 7 Trustee and the Court to administer this case.

The reality is that this case largely cannot proceed further without Mr. Moll's participation. And he has failed to comply with repeated Court orders. With no identified alternative to secure compliance with Mr. Moll's legal obligations, the Court has now been asked to issue a writ of body attachment for Mr. Moll. Reluctantly, after review and consideration of the docket and the record, the Court agrees there is no alternative, makes the following findings of fact and conclusions of law, and issues the requested writ.

The Court finds as follows:

A. On October 6, 2025, the City of Chicago (the "City") filed an involuntary petition under Chapter 7 of the Bankruptcy Code against Goldmine Investments, LLC. (Dkt. No. 1) Goldmine owns over two hundred properties across Chicagoland but has failed to maintain them and has accrued millions of dollars in blight-related fines as a result. (Dkt. No. 10, at p. 1)

B. On October 7, 2025, the City served a copy of the summons and involuntary petition on the Debtor via U.S. mail to Keith Moll (in his capacity as the Debtor's manager and registered agent) at 58 George Street, Grayslake, IL 60030. (Dkt. No. 5)

C. The Debtor was required to answer the petition within 21 days of service, but did not do so. Instead, Mr. Moll appeared in Court in person at a status conference held on November 10, 2025, to request time to obtain counsel for the Debtor. The Court granted his request, continued the status hearing to December 8, 2025, and informed Mr. Moll that he needed to secure counsel for the Debtor in time to file a response to the petition before such date. Mr. Moll failed to do so.

D. On December 8, 2025, neither the Debtor nor Moll appeared, and the Court entered an order for relief under chapter 7 of the Bankruptcy Code against the Debtor. (*See* Dkt. No. 13) Entry of the order for relief triggered the Debtor's obligation to file documents required by 11 U.S.C. § 521(a)(1), including a list of creditors, schedules, and statements of financial affairs. (*See also* Bankruptcy Rules 1007(a)(2), 1007(b)(1), 1007(c)(2)) But the Debtor did not timely file the required documents, nor did it file the documents after the Clerk of this Court issued two letters informing the Debtor of the deficiency. (Dkt. Nos. 15, 16)

E. Because the required documents are necessary and critical for the administration of the case, on January 28, 2026, the Court entered an order (the "Designation Order") designating Keith Moll as the Debtor pursuant to Bankruptcy Rule 9001(b)(5)(A) and directing Mr. Moll to: (1) file the documents enumerated in the order within 7 days; (2) appear at the Section 341 meeting of creditors; and (3) cooperate with the Chapter 7 trustee in his (now her, see Dkt. Nos. 26, 27) administration of the estate. (Dkt. No. 22) Mr. Moll was served with the Designation Order, but has not complied.

F. On March 18, 2026, Ariane Holtschlag was elected as the Chapter 7 trustee. (Dkt. No. 26) Thereafter, the Chapter 7 trustee noticed a continued Section 341(a) meeting of creditors to be held on April 21, 2026, which was continued again to May 21, 2026. (Dkt. Nos. 28, 30) But Mr. Moll did not appear at either meeting.

G. On April 15, 2026, the City filed a motion to compel Mr. Moll to comply with the Designation Order (Dkt. No. 29), which the City served via U.S. Mail to Keith Moll at 58 George Street, Grayslake, IL 60030 (*id.*, at PDF p. 3).

H. On April 22, 2026, the Court granted the City's motion, giving Mr. Moll additional time to comply with the Designation Order and directing Mr. Moll to show cause as to why he should not be sanctioned for his failure to comply (the "First Show Cause Order"). (Dkt. No. 31) The City served the First Show Cause Order on Keith Moll via email to keithmoll@gmail.com and on the Debtor via U.S. Mail to Keith Moll at 58 George Street, Grayslake, IL 60030. (Dkt. No. 33)

I. Mr. Moll did not perform any of the actions required by the First Show Cause Order and did not appear at the hearing held on June 3, 2026.

J. On June 5, 2026, the Court entered a *Second Order to Show Cause as to Why Keith Moll Should not be Sanctioned for Contempt of Court* (Dkt. No. 35) (the "Second Show Cause Order" and, together with the First Show Cause Order, the "Show Cause Orders"), which explicitly laid out the steps Mr. Moll would have to take to avoid a finding of contempt and sanctions, and directed Mr. Moll to appear in person in Courtroom 642 of the Dirksen Courthouse on July 15, 2026, at 11:15 a.m. Paragraph 3 of the Second Show Cause Order advised Moll (in bold text) that all possible sanctions would be considered at the July 15, 2026, hearing, including monetary fines and placing Mr. Moll in civil confinement until he purges himself of any contempt the Court found to be occurring.

K. The Court's courtroom deputy served copies of the Designation Order and the Show Cause Orders on Mr. Moll via email to keithmoll@gmail.com. (Dkt. No. 36) And, as directed, the City separately served copies of the Designation Order and the Show Cause Orders (1) on Mr. Moll via first class and certified mail to 58 George Street, Grayslake, IL 60030, (2) on the Debtor via first class and certified mail to 58 George Street, Grayslake, IL 60030, (3) on an attorney who is currently representing Mr. Moll and the Debtor in a matter currently pending in state court via first class and certified mail and email, and (4) on an attorney who previously represented Mr. Moll and the Debtor in state court via first class and certified mail. (Dkt. No. 40)

L. The City has a reasonable basis to believe Mr. Moll currently resides at 58 George Street, Grayslake, IL 60030 pursuant to "skip tracing" conducted in June of 2026. (*See id.* ¶ 3) The City has a reasonable basis to believe 58 George Street, Grayslake, IL 60030 remains a valid business address for the Debtor per the Debtor's registration in the state of Illinois. (*Id.* ¶ 4)

M. Given that (1) Mr. Moll is aware of the bankruptcy, as demonstrated by his in-person participation in the November 10, 2026 hearing before this Court, (2) 58 George Street, Grayslake, IL 60030 appears to be an active address for both Mr. Moll and the Debtor, (3) keithmoll@gmail.com appears to be an active e-mail address for Mr. Moll, and (4) attorneys for Mr. Moll, including one who is currently representing Mr. Moll in a pending matter, received actual notice of this Court's Orders, the Court concludes that Mr. Moll has received actual notice of at least three Court orders that explain his statutory duty as the Debtor's representative pursuant to Bankruptcy Rule 9001(b)(5)(A) and direct him (in his representative capacity on behalf of the Debtor) to take clearly delineated steps to ensure the Debtor's case can be administered.

N. As of the entry of this order, Moll has not complied with any of the Court's prior orders. The record reflects that no list of creditors, schedules of assets and liabilities, or statements

of financial affairs for the Debtor have been filed on the docket. The Chapter 7 trustee has not been able conclude the Section 341(a) meeting or otherwise administer this case due to Mr. Moll's failure to appear or file the required documents, or otherwise provide necessary information.

O. Serious problems result from Mr. Moll's refusal to abide by the Court's orders and comply with his statutory duties for over nine months, including "the unambiguous and critically important requirement that he identify creditors and complete schedules" for the Debtor. *See In re Kossoff PLLC*, No. 21-10699, 2021 WL 5492186, at *1 (Bankr. S.D.N.Y. Nov. 22, 2021). Among other things, the Chapter 7 trustee's obligation to administer the case for the benefit of creditors has been impossible to honor, costs are accruing, and assets of the estate are likely depreciating. The City cannot administer 200 properties within its confines that have been repeatedly cited for blight where their owner refuses to care for them, address the repeated citations from the City, or honor orders of this Court aimed at administering these assets for the benefit of all stakeholders in this bankruptcy case.

P. Given the nature of the Chapter 7 case (an involuntary petition filed by the City of Chicago prompted by the Debtor's failure to pay millions of dollars in fines owed to the City or otherwise address Code violations on properties in blight, *see* Dkt. No. 10 at p. 1), and Mr. Moll's refusal to honor a series of Court Orders that direct him only to provide information about assets held by an entity he is responsible for, incarceration is likely to be the least onerous and most likely to be effective means of inducing Mr. Moll to comply with the Court's lawful orders and his obligations as the Debtor's designated representative.

Therefore, it is ORDERED:

1. Keith Moll is found to be in civil contempt of this Court by virtue of his failure to comply with the Designation Order and the Show Cause Orders. The Orders and provisions of the

Bankruptcy Code and Rules being violated by Mr. Moll are clear and unambiguous. Mr. Moll's lack of compliance is plainly evident by the absence of the necessary information on the docket. And Mr. Moll has failed to appear at several hearings or otherwise provide any explanation for his conduct.

2. There have been no diligent attempts to comply with the Court's Orders, and no attempts are apparent. Only incarceration, or incarceration absent satisfaction of Mr. Moll's duties, will lead to compliance with the Court's Orders. *See England Logistics, Inc. v. ARB Transp., Inc.*, No. 22-cv-05918, 2024 WL 6886417, at ¶ 14 (N.D. Ill. June 27, 2024); *see also King v. Allied Vision, Ltd.*, 65 F.3d 1051, 1058 (2d Cir. 1995).

3. A writ of body attachment is issued for Keith Moll, a male who, upon information, resides at, and operates the Debtor Goldmine Investments LLC, out of 58 George Street, Grayslake, IL 60030.

4. The Court directs the United States Marshals Service to arrest, hold until deemed fit to appear, and produce Keith Moll to (a) appear before this Court to show cause why he should not be sanctioned for his failure to comply with the Designation Order and the Show Cause Orders and (b) sit for a Section 341(a) meeting in accordance with Paragraph 7 below.

5. To effectuate this Order, the United States Marshals Service is authorized to use necessary and reasonable force to enter the premises on which Keith Moll resides and operates the Debtor, and/or any other premises on which Mr. Moll lives and/or conducts business, including making a forced entry into such premises if necessary, and to take custody of Keith Moll.

6. Upon taking custody of Keith Moll, the U.S. Marshals Service shall provide him with a copy of this Order and immediately contact (a) Judge Slade's chambers staff at ilnbml_sladestaff@ilnb.uscourts.gov, and (b) the Clerk of the Court, Jeffrey Allsteadt, at

Jeffrey_Allsteadt@ilnb.uscourts.gov and (c) the Chapter 7 trustee, Ariane Holtschlag, at (773) 645-0737 and aholtschlag@ph-firm.com. Judge Slade or another judge of the United States Bankruptcy Court for the Northern District of Illinois will hold a hearing on Mr. Moll's contempt as soon as possible, either in person or virtually via an electronic meeting platform.

7. If an immediate appearance is not possible before the Court, Keith Moll may be held in the Metropolitan Correctional Center while waiting for a Court appearance. If the Chapter 7 trustee is able to commence a Section 341(a) meeting before an appearance before the Court is possible, the United States Marshals Service shall use reasonable efforts to permit the Section 341(a) meeting to take place, either in person at the Metropolitan Correctional Center, in person at the Everett McKinley Dirksen U.S. Courthouse, over a virtual meeting platform, or by any other method agreed upon between the U.S. Marshals Service and the Chapter 7 trustee.

8. Mr. Moll may purge his contempt by satisfying the provisions of paragraphs 2(a) and (b) of the Second Show Cause Order, attached hereto, regarding Debtor's Duties and Appearance at 341 Meeting.

9. The Court shall conduct a further hearing to consider the status of this matter on September 2, 2026, at 11:15 a.m. should Mr. Moll not purge his contempt or be produced for a hearing before then.

Date: August 5, 2026 By: ______________________________

MICHAEL B. SLADE
UNITED STATES BANKRUPTCY JUDGE

**Exhibit A**

**Second Order to Show Cause**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| Goldmine Investments LLC, | ) | Case No. 25 B 15346 |
| | ) | |
| Debtor. | ) | Hon. Michael B. Slade |
| | ) | |

**SECOND ORDER TO SHOW CAUSE AS TO WHY KEITH MOLL SHOULD NOT BE SANCTIONED FOR CONTEMPT OF COURT**

**[Re Docket Nos. 22, 29, 31]**

Goldmine Investments LLC failed to answer the involuntary petition (*see* Summons, Dkt. Nos. 4, 5) or file any of the critical documents required by 11 U.S.C. § 521(a) (such as the list of creditors, schedules, and statements of financial affairs), ignoring two letters from the Clerk of this Court (Dkt. Nos. 15, 16). So on January 28, 2026, I granted the City of Chicago's motion to designate Keith Moll as the Debtor in this case (Dkt. No. 22). As the Debtor's responsible officer, Mr. Moll is required to perform the duties of the Debtor so that the case may be administered. Specifically, in the designation order I outlined three actions that Mr. Moll was required to perform on behalf of Goldmine Investments LLC: he was directed to (1) file the required documents within 7 days; (2) appear at the Section 341 meeting of creditors; and (3) cooperate with the Chapter 7 trustee in his (now her, *see* Dkt. Nos. 26, 27) administration of the estate.

Mr. Moll was subsequently served with (a) the *City of Chicago's Motion to Compel Keith Moll to Comply with the January 28, 2026, Court Order* (Dkt. No. 29) as the Manager and Registered Agent of Goldmine Investments LLC at 58 George Street, Grayslake, Illinois 60030 (*id.*, at PDF p. 3) on April 15, 2026 and (b) my order granting the City of Chicago's Motion to Compel in part and directing Mr. Moll to show cause as to why he should not be sanctioned for

his failure to comply with my prior order (Dkt. No. 31) at the same mailing address and via email at keithmoll@gmail.com on April 22, 2026 (Dkt. No. 33). Mr. Moll did not appear at the hearing on June 3, 2026, and none of the actions required of Mr. Moll have been accomplished as of today.

THEREFORE, IT IS HEREBY ORDERED THAT:

1. Mr. Moll shall appear **in person** on **July 15, 2026, at 11:15 a.m.** in Courtroom 642 of the United States Bankruptcy Court in Chicago, Illinois and SHOW CAUSE why he should not be held in civil contempt of Court for his failure to comply with my orders.

2. At this time, the compliance required to avoid a contempt finding and sanctions at the July 15 hearing is:

   a. Perform Debtor's Duties. Mr. Moll must (as the Court-appointed responsible officer of the Debtor) take all steps necessary to perform the Debtor's duties required by 11 U.S.C. § 521(a) and to allow the Chapter 7 trustee to hold a substantive Section 341 meeting, including:

      i. filing a list of the debtor's creditors as of the Petition Date,

      ii. preparing and filing the Debtor's schedules of assets and liabilities and statements of financial affairs, and

      iii. providing the Chapter 7 trustee with copies of all payment advices or other evidence of payments, an itemized statement of the amount of monthly net income, and a statement disclosing any reasonably anticipated increase in income or expenditures.

   b. Appearance at 341 Meeting: Mr. Moll must also appear (either in person or remotely, on-camera, if requested by the Chapter 7 trustee) for an examination under oath (not individually but in his representative capacity on behalf of the Debtor) at the next continued Section 341(a) meeting of creditors. If no notice of continued meeting is docketed (*see* Dkt. Nos. 28, 30), Mr. Moll must contact Trustee Holtschlag to obtain the date and time of the meeting, and any other instructions to join.

   c. Cooperation with Chapter 7 trustee. Mr. Moll (in his representative capacity as the Court-appointed responsible officer of the Debtor) must cooperate with the Chapter 7 trustee in the administration of the estate throughout the remainder of the case.

**3. Mr. Moll is advised that at the Hearing on July 15, 2026, at 11:15 AM, the Court will consider all possible sanctions against Mr. Moll, including imposing a monetary fine and/or placing Mr. Moll in civil confinement until he purges himself of any contempt I find to be occurring.**

4. The Clerk of the Court shall serve a copy of this Order and my orders at Docket Nos. 22 and 31 on Mr. Moll via email to keithmoll@gmail.com, and shall file a certificate of service of same.

5. The City of Chicago is directed to serve within 7 days physical copies of this Order and my prior orders at Docket Nos. 22 and 31 on Mr. Moll at all known addresses associated with Mr. Moll in accordance with Bankruptcy Rule 7004. The City of Chicago also advised that it had been in contact, at least in state court, with an attorney for the Debtor and/or Mr. Moll; the City is directed to also serve physical copies of the orders referenced here and this Order on any known attorney for Mr. Moll. The City of Chicago shall receive an administrative expense claim for costs incurred serving Mr. Moll pursuant to this Order.

6. Promptly after completing such service, the City of Chicago shall file an affidavit describing the service, and shall note whether any of the addresses served are addresses where Mr. Moll has successfully been served in other litigation.

7. Compliance with this Order may be, but is not required to be, compelled by the issuance and service of subpoenas by the Chapter 7 trustee or the City of Chicago, by email, commercial courier, or personal service pursuant to Rule 45 of the Federal Rules of Civil Procedure and Bankruptcy Rules 2004(c) and 9016.

Date: June 5, 2026

By: ______________________

MICHAEL B. SLADE
UNITED STATES BANKRUPTCY JUDGE